**VIA FEDERAL EXPRESS**




Honorable Timothy C. Batten, Sr.
United States District Judge
Atlanta Chambers 2142
2142 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

RE: Sensoria's Motion to Declare this case Exceptional and for an Award of Attorneys Fees
*Sarvint Technologies, Inc. v. Sensoria, Inc.*, Case No. 1:15-cv-72-TCB
United States District Court for the Northern District of Georgia, Atlanta Division.

Dear Judge Batten:

  I write this letter to the Court in my capacity as acting President of Sarvint Technologies, Inc. (the "Company") and as the person responsible for winding up the Company's business, liquidating its assets, and paying off its creditors.

  The purpose of this letter is twofold. First, I write to declare the Company's opposition to Sensoria's Motion to Declare this case Exceptional and for an Award of Attorneys Fees, filed and served by mail on June 29, 2017. Second, I write to request an extension to obtain legal counsel to respond to Sensoria's motion. I have been advised that a response is due on July 13, 2017.

  The Company is out of business. Sarvint spent $6 million developing a "Smart Shirt" that would be superior to the competitors in the market. The Company was unable to develop a commercially viable product and ran out of money on December 30, 2016.

  On January 3, 2017, the Company's seven-member Board of Directors unanimously voted to wind down the Company, to liquidate its assets and to pay off its creditors. I was appointed by the Board to the position of President. Since that time, I have liquidated all physical assets and paid off most creditors. The Company currently has $27,000 obtained from the sale of its assets.

  On February 6, 2017, the Company permitted its then counsel to withdraw from representation in the Sensoria case because the Company could not pay its legal counsel to continue to represent its interests.

  On February 21, 2017, this Court stayed the action to permit Sarvint to obtain new counsel. At that time, Sarvint had no money and was unable to obtain counsel to represent it in the lawsuit.

  Given the above, the Company did not oppose Sensoria's Motion to Dismiss for Lack of Prosecution and did not object to the Court's granting of the motion and dismissing with prejudice.

  Sensoria's unfortunate filing of its Motion for an Award of Attorneys Fees and request to recover $953,000 requires that the Company consider filing an opposition to the motion.



I am not a lawyer. I do not know what constitutes an "Exceptional Case". I do not know how to oppose Sensoria's motion. I do have an obligation to the Company's creditors to maximize the Company's assets to make sure that the Company meets its obligations to the extent its assets permit it to do so.

Given my obligations, and that the grant of Sensoria's motion would affect the Company's ability to wind up the business and pay off its debts, I feel that the Company must respond to Sensoria's motion or risk the Court granting the motion as unopposed.

I understand from reading the Court's order that a corporation cannot appear *pro se* and must be represented by counsel. This places me in the position of having to retain counsel to respond to Sensoria's motion. It also places me in the uncomfortable position of requesting the court permit the Company an extension to obtain counsel to respond to Sensoria's motion.

I appreciate that the Court may have a dim view of the Company making this request, when the court previously gave the Company the opportunity to obtain counsel in its February 21, 2017 order and the Company was unable to obtain new counsel despite the Court's grace period.

I would ask the Court to consider that at that time, the Company had no incentive to continue to prosecute the case (being out of business) and no money with which to pay counsel to continue the case. In this instance, the Company is facing a potential award of $953,000 and has $27,700 with which to pay attorneys to, at minimum, file an opposition to Sensoria's motion.

The Company requests that the Court grant it up to and including August 15, 2017 to obtain new counsel and file an opposition to Sensoria's motion. The Company acknowledges it may be unable to obtain counsel to perform the work for $27,700 and if that is the case, the Company will not be able to make a filing. In such an event, the Company asks that the Court consider the facts as forth in this letter and accept this filing as the Company's opposition to Sensoria's motion.

The Company believed in its case. The fact that business circumstances caused the Company to be unable to continue the matter has nothing to do with the legitimacy of the case. It appears that Sensoria sees an unrepresented, out of business company and is seeking to take advantage of the situation through the legal process.

Thank you for your consideration.

Your Truly,

John Lee,
President of Sarvint Technologies, Inc.

Cc:   Warren J. Thomas
      Steven M. Auvril